UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

Case No. _____

JOHN SCHRENKEL AND JOHN GOEDE,

        Plaintiffs,                           (Circuit Case No. 2018-CA-001339)

v.

LENDUS, LLC,
RPM MORTGAGE, INC.,
RPM HOLDINGS I, LLC, AND
ERWIN ROBERT HIRT,

        **Defendants.**

## NOTICE OF REMOVAL

Defendants LendUS, LLC ("**LendUS**") and RPM Holdings I, LLC ("**RPM Holdings**") (collectively the "**Defendants**"),[1] by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Middle District of Florida Local Rule 4.02, hereby file their Notice of Removal, removing the pending civil action from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County ("**Twentieth**

---

[1] Defendant RPM Mortgage, Inc. ("**RPM Mortgage**") is not a distinct legal entity. As such, Plaintiffs have been unable (and will continue to be unable) to effectuate service upon it. Erwin Robert Hirt has not been served in this action, but undersigned counsel has indicated it is willing to accept service and waive formal process on Mr. Hirt's behalf. Because service has not been effectuated as to Mr. Hirt, he does not formally join this Notice of Removal. However, Mr. Hirt will consent to removal of this action once he is served.

**Judicial Circuit**") to the United States District Court for the Middle District of Florida, Fort Myers Division. In support of its Notice of Removal, Defendants state as follows:

1. In compliance with 28 U.S.C. § 1446(a) and Middle District of Florida Local Rule 4.02(b), copies of all process, pleadings, orders, and other papers filed in the State Action are attached hereto as Composite **Exhibit A**.[2]

2. On or about, April 2, 2018, Plaintiffs John Schrenkel and John Goede filed a civil action styled *John Schrenkel and John Goede v. LendUS, LLC, RPM Mortgage, Inc., and RPM Holdings I, LLC*, Case No. 2018-CA-001339 (the "**State Action**"), against LendUS, RPM Mortgage, and RPM Holdings in the Twentieth Judicial Circuit. (*See* Comp. Exhibit A, Complaint.)

3. Service of process of the Complaint was effectuated on or about May 3, 2018 as to LendUS and RPM Holdings. (*See* Composite Ex. A, Return of Service for LendUS and Return of Service for RPM Holdings.)

4. RPM Mortgage has not been served with the Complaint. RPM Mortgage is no longer a distinct legal entity, so it cannot be served with process. (*See* Declaration of Tracey Hirt, ¶ 5 ("**Hirt Decl.**"), attached hereto as **Exhibit B**.)

5. On or about May 14, 2018, Plaintiffs John Schrenkel and John Goede filed their First Amended Complaint in the State Action, an action styled as *John Schrenkel and John Goede v. LendUS, LLC, RPM Mortgage, Inc., RPM Holdings I, LLC, and*

---

[2] Defendants have filed, together with this Notice of Removal, a Motion to Seal pursuant to Local Rule 1.09 to seal parts of the record in the state court proceedings.

*Erwin Robert Hirt*, Case No. 2018-CA-001339 (the "**Amended Complaint**"). (*See* Comp. Ex. A, Am. Compl.)

6. The Amended Complaint adds Mr. Hirt as a defendant in the State Action. Mr. Hirt has not been served in the State Action, but undersigned counsel has indicated it is willing to accept service and waive formal process on Mr. Hirt's behalf. Waiver of service for Mr. Hirt has not been effectuated as of the date of this Notice. However, Mr. Hirt will consent to removal of the State Action.

7. LendUS and RPM Holdings were served with the Amended Complaint on or about May 17, 2018.

8. The Complaint consists of one claim under Florida law: Count I - Declaratory-Judgment Action under § 86.021, Fla. Stat. (*See generally* Comp. Ex. A, Compl.)

9. The Complaint did not include any information related to the amount of damages sought. (*See generally* Comp. Ex. A, Compl.)

10. The Amended Complaint consists of nine claims under Florida state law: Count I – Declaratory Judgment Action under § 86.021, Fla. Stat. by Schrenkel; Count II – Declaratory Judgment Action under § 86.021, Fla. Stat. by Goede; Count III - Claim for Unpaid Wages under § 448.08, Fla. Stat.; Count IV - Constructive Discharge; Count V - Retaliatory Discharge under Florida's Private Whistleblower Act under § 448.102(3), Fla. Stat.; Count VI - Breach of Contract - Earn-Out Provision (California Law); Count VII - Piercing the Corporate Veil - Alter Ego; Count VIII - Tortious Interference with

Contractual Relations; and Count IX - Claim for Unpaid Wages under § 448.08, Fla. Stat. (*See generally* Comp. Ex. A, Am. Compl.)

11. The Amended Complaint included claims for damages "in an amount to be proven at trial *but exceeding $2.7 million.*" (*See* Comp. Ex. A, Am. Compl. at ¶¶ 17; 21-23 (emphasis added).)

12. This case is properly removed to this Court because (1) this Court has original jurisdiction over the claims that Plaintiff asserts against Defendants, 28 U.S.C. §§ 1332 and 1441; and (2) Defendants have satisfied the procedural requirements for removal, 28 U.S.C. § 1446.

### I. DIVERSITY JURISDICTION EXISTS OVER PLAINTIFFS' CLAIMS

13. The Court has jurisdiction over this action because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states. . . .").

#### A. Complete Diversity of Citizenship Exists because Plaintiffs Are Citizens of Florida and Defendants Are Citizens of California and Delaware

14. Plaintiffs Schrenkel and Goede allege that they are both domiciled in Florida. (Comp. Ex. A, Compl. ¶ 4.) Thus, for purposes of diversity of citizenship, Plaintiffs are citizens of Florida.

15. LendUS is a limited liability company formed under the laws of Delaware with its principal place of business in California. (*See* Declaration of Tracey Hirt, ¶ 3 ("**Hirt Decl.**"), attached hereto as **Exhibit B**.)

16. LendUS's members are Jan (Lend USA) Holdings, Inc., a California corporation with its principal place of business in Alamo, California; Ava Noack, a citizen of California residing in Alamo, California; Lamp2 Associates, Inc., a California corporation with its principal place of business in Campbell, California; and the Marckwadt Trust, a California traditional trust with only two trustees, Hunter and Kimberly Marckwadt, both of whom are citizens of California.[3] (Ex. B, Hirt Decl. ¶ 4).

17. As a limited liability company, LendUS "is a citizen of any state of which a member of the company is a citizen" for purposes of diversity jurisdiction. *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

18. LendUS is thus a citizen of Delaware and California.

19. RPM Mortgage is no longer a distinct corporate entity. RPM Mortgage operates as a division of LendUS. (Ex. B, Hirt Decl. ¶ 5.)[4]

---

[3] For a traditional trust, "the citizenship of the trustee is controlling for purposes of diversity jurisdiction." *Westgate Resort, Ltd. v. Sussman*, No. 6:17-cv-1467-Orl-37DCI, 2017 U.S. Dist. LEXIS 130227, at *6-7 (M.D. Fla. Aug. 16, 2017); *see also Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) ("So long as such [trust] is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members.").

[4] When it existed as corporate entity, RPM Mortgage was a Delaware corporation with its principal place of business in California. Thus, RPM Mortgage (when it was a corporation) was a citizen of Delaware and California. 28 U.S.C. § 1332(c)(1)( "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

20. RPM Holdings is a limited liability company formed under the laws of Delaware with its principal place of business in California. (Ex. B, Hirt Decl. ¶ 6).

21. RPM Holdings' members are LendUS[5] and the Robert Hirt and Tracey Najarian Hirt Revocable Living Trust, dated October 24, 1997, a California traditional trust with one trustee, E. Robert Hirt, a citizen of California. (Ex. B, Hirt Decl. ¶¶ 7, 8.)

22. As a limited liability company, RPM Holdings "is a citizen of any state of which a member of the company is a citizen" for purposes of diversity jurisdiction. *Rolling Greens*, 374 F.3d at 1022.

23. RPM Holdings is thus a citizen of Delaware and California.

24. Mr. Hirt is a resident of the State of California. (Ex. B, Hirt Decl. ¶ 8.)

25. Mr. Hirt is thus a citizen of California.

26. Because none of the Defendants are citizens of Florida, complete diversity of citizenship exists for purposes of removal.

### B. The Amount in Controversy Exceeds $75,000, Exclusive of Interest And Costs

27. As Plaintiffs alleged in the Amended Complaint, they are seeking damages in an amount exceeding $2.7 million. (Comp. Ex. A, Am. Compl. ¶ 11.)

28. Therefore, the amount in controversy (albeit wholly denied by Defendants) exceeds $75,000, exclusive of interest and costs.

---

[5] As discussed in ¶¶ 15-18 above, LendUS is a citizen of Delaware and California.

## II. DEFENDANTS SATISFY THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446

29. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by Defendants of a copy of the Amended Complaint which included allegations detailing the amount of damages and thus setting forth the claim for relief on which this removal is based.

30. For purposes of removal,[6] venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §§ 89(b), 1441(a).

31. In compliance with 28 U.S.C. § 1446(a), copies "of all process, pleadings and orders" served upon Defendants are included in Exhibit A.

32. LendUS and RPM Holdings, the only "defendants who have been properly joined and served [] join in or consent to the removal of the action" in accordance with 28 U.S.C. § 1446(b)(2)(A). Mr. Hirt if he had been properly served would consent to removal.

---

[6] As was done in the State Action, Defendants will ask this Court to stay this matter as there is a first filed action in the Chancery Court of Delaware that involves the Plaintiffs and involves the same or similar factual and legal issues. In addition, Defendants contend that Delaware is the proper venue for these disputes because the primary contractual document governing the entire relationship (including the ancillary restrictive covenants at issue in this action) mandates that venue rests in Delaware. Accordingly, while Defendants state that venue here is correct for removal purposes only, Defendants specifically reserve and preserve their right to request that this Court stay this matter and/or dismiss for improper venue.

33. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served upon Plaintiffs' counsel and filed with the clerk of the Twentieth Judicial Circuit.

34. By filing this Notice of Removal, Defendants do not waive any defenses which may be available to them, including, but not limited to, lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim.

**WHEREFORE**, Defendants LendUS, LLC and RPM Holdings I, LLC give notice of and respectfully remove the State Action to the United States District Court for the Middle District of Florida, and respectfully request that the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida take no further action with regard to the State Action.

Dated: June 1, 2018
Miami, Florida

Respectfully submitted,

_/s/ April Boyer_
April Boyer (Trial Counsel)
Florida Bar No. 0168335
april.boyer@klgates.com
Yamilet Hurtado
Florida Bar No. 95607
yamilet.hurtado@klgates.com
**K&L GATES LLP**
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone: 305.539.3300
Facsimile: 305.358.7095

*Attorneys for Defendants*
*LendUS, LLC and RPM Holdings I, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2018 I filed the foregoing with the Clerk of U.S. Court via hand-delivered who will electronically serve upon the following identified as counsel of record on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

_____
April Boyer, Esq.

## SERVICE LIST

David K. Stein, Esq.
Florida Bar No.: 13029
**BRICKER & ECKLER, LLP**
100 S. Third Street
Columbus, Ohio 43215
Phone: (614) 227-2300
Fax: (614) 227-2390
Service Email:
dstein@bricker.com
bsmeenk@bricker.com
lpickett@bricker.com

*Attorneys for Plaintiff*

Clifford A. Wolff, Esq.
The Wolff Law Firm
1401 East Broward Blvd.
Ft. Lauderdale, FL 33301-2118
E-Mail: CWolff@WolffLawFirm.com;
Paral@WolffLawFirm.com